UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ALLEN E. MONDAY,                )<br>                                               )<br>              Petitioner,           )<br>                                               )<br> v.                                          )<br>                                               )<br> UNITED STATES OF AMERICA,  )<br>                                               )<br>              Respondent.          )  | Nos.:  3:98-CR-38-TAV-CCS-1<br>              3:16-CV-713-TAV |

## MEMORANDUM OPINION

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 94]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. For the reasons that follow, the petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In 1999, a jury convicted Petitioner of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Monday*, 8 F. App'x 394, 395 (6th Cir. 2001). Based on three prior Tennessee convictions—one for second-degree burglary and two for first-degree burglary, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen year mandatory minimum [Presentence Investigation Report (PSR) ¶¶ 32, 38]. In accordance with that designation, this Court sentenced Petitioner to 262 months' imprisonment. *Monday*, 8 F. App'x 395. Petitioner appealed, but the Sixth Circuit

affirmed his conviction and sentence. *Id.* at 403. The Supreme Court denied Petitioner's request for a writ of certiorari on October 1, 2001. *Monday v. United States*, 534 U.S. 914 (2001).

Three years later—on September 30, 2002, Petitioner filed a motion to vacate, correct, or set aside his sentence under § 2255 [Doc. 79]. This Court denied that petition on the merits in a Memorandum Opinion and Judgment Order entered on June 21, 2006 [Docs. 82, 83]. The Supreme Court issued the *Johnson* decision on June 26, 2015, and the Sixth Circuit granted this Court leave to consider the instant successive petition on December 21, 2016 [Doc. 93].

## II. PETITION FOR COLLATERAL RELIEF

### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Analysis

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "violent felony" as "any crime punishable by

2

imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

The Court finds that all three of the prior convictions used to categorize Petitioner as an armed career criminal categorically qualify as predicate offenses independent of the residual clause invalidated by the *Johnson* decision. As such, no award of collateral relief is warranted.

3

At the time that Petitioner committed his burglary offenses, Tennessee defined first-degree burglary as the breaking and entering into a dwelling house or any house, building, room or rooms therein used and occupied by any person or person as a dwelling place or lodging by night, with intent to commit a felony. Tenn. Code Ann. § 39-3-402 (1982).[1] Tennessee defined second-degree burglary as the breaking and entering into a dwelling house or any house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging by day, with intent to commit a felony. Tenn. Code Ann. § 39-3-403 (1982).

For purposes of § 924(e), the Supreme Court defines "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Because all three of Petitioner's prior burglary convictions correspond perfectly with *Taylor*'s definition, *see, e.g.*, *Smith v. United States*, No. 3:05-cr-74, 2016 WL 3349298, at *6 (E.D. Tenn. June 15, 2016) (finding, post-*Johnson*, that first-degree burglary constituted an ACCA predicate and that the only difference between first-and-second-degree burglary is that one occurred by night and the other by day); *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012) (holding that pre-1989 Tennessee second-degree burglary categorically qualifies as generic burglary and is, thus, a violent felony under the

---

[1] Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

enumerated-offense clause), the *Johnson* decision has no impact on the propriety of his ACCA designation.

### III. CONCLUSION

For the reasons discussed, Petitioner's successive § 2255 motion [Doc. 94] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE